**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| EDWARD C. JONES, | No. 14-56752 |
| Plaintiff - Appellant, | D.C. No. 3:12-cv-01039-BTM-BLM |
| v. | |
| NICHOLS, | MEMORANDUM[*] |
| Defendant - Appellee. | |

Appeal from the United States District Court
for the Southern District of California
Barry Ted Moskowitz, Chief Judge, Presiding

Submitted April 13, 2016[**]

Before:     FARRIS, TALLMAN, and BYBEE, Circuit Judges.

Edward C. Jones, a California state prisoner, appeals pro se from the

from the district court's judgment dismissing his 42 U.S.C. § 1983 action alleging

federal claims arising from his loss of overnight family visits.  We have

jurisdiction under 28 U.S.C. § 1291.  We review de novo the district court's

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

dismissal under Federal Rule of Civil Procedure 12(b)(6).  *Hebbe v. Pliler*, 627 F.3d 338, 341 (9th Cir. 2010).  We affirm.

The district court properly dismissed Jones's retaliation claim because Jones failed to allege facts sufficient to show that he was engaged in protected conduct, and that the revocation of his overnight family visiting privileges did not reasonably advance a legitimate correctional goal.  *See Rhodes v. Robinson*, 408 F.3d 559, 567-68 (9th Cir. 2005) (setting forth elements of a retaliation claim in the prison context); *see also Nat'l Ass'n for the Advancement of Psychoanalysis v. Cal. Bd. of Psychology*, 228 F.3d 1043, 1049 (9th Cir. 2000) (in determining whether the complaint states a claim for relief, this court "may consider facts contained in documents attached to the complaint").

The district court properly dismissed Jones's due process claim because Jones failed to allege facts sufficient to show that he had a constitutionally protected liberty interest in overnight family visits.  *See Gerber v. Hickman*, 291 F.3d 617, 621 (9th Cir. 2002) (en banc) ("[I]t is well-settled that prisoners have no constitutional right while incarcerated to contact visits or conjugal visits."); *see also Sandin v. Conner*, 515 U.S. 472, 483-84 (1995) (a constitutionally protected liberty interest arises only when a restraint imposes an "atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life").

We reject as unsupported Jones's contentions that the district court erred in not allowing Jones to amend his complaint to add the warden, and that he should have been permitted to proceed with discovery.

**AFFIRMED.**